IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BOBBY CHARLES DOAK, TDCJ # 938995** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:05-CV-0155-N |
| | § | |
| **DOUGLAS DRETKE, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Bobby Charles Doak ("Doak" or "Petitioner") is presently incarcerated at the Wynne Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") in Huntsville, Texas. Respondent is the Director of TDCJ-CID.

Statement of the Case: Doak was convicted in the Criminal District Court No. 1 of Dallas County of aggravated sexual assault of a child and sentenced to a term of sixty-five years in the penitentiary. His conviction was affirmed by the Fifth Court of Appeals on December 18, 2002. *Doak v. State*, 05-00-01318-CR, 2002 WL 31831216 (Tex. App. - Dallas Dec. 18, 2002). His

petition for discretionary review was refused on March 5, 2003.[1]

Petitioner filed an application for habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07 on June 3, 2004. It was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court without a hearing on January 12, 2005. *Ex Parte Doak*, Appl. No. WR-56,600-02.

Doak filed the instant habeas petition on January 18, 2005.[2] On February 17, 2005, the Magistrate Judge issued an order to Petitioner requiring that he show cause why his case was not barred by the one year limitations period. *See* 28 U.S.C. § 2254. On March 14, 2005, Petitioner filed a response to the order, and the magistrate judge ordered Respondent to respond on March 17, 2004. Respondent filed his answer on June 15, 2005, asserting that the petition was time-barred, or, in the alternative, that relief be denied on the merits. Doak filed his response to the answer on August 17, 2005.

Findings and Conclusions: Doak contends that he received ineffective assistance of counsel both at trial and on appeal, that his Due Process rights were violated on a number of occasions, and that he was punished for alleged bad acts for which he had not been convicted. Petitioner's allegations need not be addressed on the merits because he has failed to file his petition within the statutory period required by § 2244(d)(1).

Doak filed his petition in this court after the effective date of the Anti-Terrorism and

---

[1] Doak sought an extension of time in which to file a petition for writ of certiorari in the United States Supreme Court which was denied on May 27, 2003. *See* Application 02A991, filed on May 2, 2003. Since he did not thereafter file a cert petition within the prescribed 90 day period, his conviction became final on June 3, 2003.

[2] It is assumed that Doak placed his petition in the prison mail system on the date he signed it. *See Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998).

Effective Death Penalty Act ("AEDPA"). It is therefore subject to the one year statute of limitations under the AEDPA. *See, e.g., Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997). Petitioner's conviction became final on June 3, 2003, the last day on which he could have filed a petition for certiorari to the United States Supreme Court.[3] *See, e.g., Foreman v. Dretke,* 383 F.3d 336, 338 (5th Cir. 2004); *see also* Sup. Ct. R. 13. He filed his state habeas application on June 3, 2004, the day before the one year limitations period would have expired, thus tolling the statute of limitations until January 12, 2005, when his state application was denied. 28 U.S.C. § 2244(d)(2); *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir. 2004).[4] Petitioner filed his federal habeas petition on January 18, 2005,[5] six days after the one year limitations period expired.

Although the limitation period expired before Doak filed his § 2254 petition, the court may equitably toll the same under appropriate and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). In the present case, Petitioner seeks to invoke the equitable tolling doctrine primarily based upon the fact that he did not receive notice of the Court of Criminal Appeals' denial of his article 11.07 application until January 18, 2005, the date on which he "filed" his § 2254 petition. Once of the touchstones for applying equitable tolling is whether the petitioner diligently pursued his rights. *See, e.g.*, *Fisher v. Johnson*, 174 F.3d 710,

---

[3] *See* note 1, *supra.*

[4] Doak claims that the limitation period was tolled on May 27, 2004, the date he placed his article 11.07 application in the prison mail system. However, the Texas Court of Criminal Appeals, unlike the federal courts, has no "mailbox rule" and the Fifth Circuit has refused to apply the rule to article 11.07 proceedings. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999); *see also* note 1, *supra*.

[5] *See* note 2, *supra.*

715 & n.14 (5th Cir. 1999) ("equity is not intended for those who sleep on their rights" (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989))).

Although Doak did not receive notice of the disposition of his article 11.07 application prior to the date on which limitations ran, this fact is almost entirely due to an absence of due diligence on his part. The fact that he did not file his article 11.07 application until 364 days of the one year period had lapsed evinces a total absence of due diligence on his part and all but insured that he would not receive notice that his application had been denied before the one year expired. Nor does misapprehension of Texas state law[6] constitute an exceptional circumstance warranting equitable tolling since unfamiliarity with legal processes and procedures does not merit application of the doctrine. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Moreover, even were his misapprehension of the law considered, it would not excuse his inordinate delay in seeking habeas corpus relief in the Texas judicial system. The relevant facts in this case do not warrant application of the equitable tolling doctrine.

---

[6] *See* note 4, *supra.*

RECOMMENDATION:

For the foregoing reasons it is recommended that the district court find that the petition is time barred and dismiss the petition.

A copy of this recommendation shall be transmitted to the Petitioner

Signed this 20th day of September, 2005

Wm. F. Sanderson, Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.